IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VELVET D. ALEXANDER,<br>TEAIA ALEXANDER JOHNSON,<br>and ANDRE JOHNSON<br><br>          Plaintiffs<br><br>  v.<br><br>BANK OF AMERICA CAPITAL CORP.<br><br>          Defendant | FILED: AUGUST 29, 2008<br>08CV4948<br>JUDGE ANDERSEN<br>MAGISTRATE JUDGE NOLAN<br>EDA |

**COMPLAINT**

Plaintiffs Velvet D. Alexander, Teaia Alexander Johnson and Andre Johnson state as follows as their complaint against Defendant Bank of America Capital Corporation:

**PARTIES**

1.     Velvet D. Alexander, ("Velvet") is an individual residing in Cook County, Illinois.

2.     Teaia Alexander Johnson ("Teaia') is a resident of Cook County, Illinois and is Velvet's sister.

3.     Pastor Andre Johnson ("Andre") is a resident of Cook County, Illinois and is married to Teaia.  This Complaint hereinafter shall refer to Velvet, Teaia and Andre collectively as the "Borrowers."

4.      Defendant Bank of America Capital Corporation ("BOA") is a nationally chartered bank incorporated in Delaware with its corporate headquarters located at 401 North Tryon Street, Charlotte, North Carolina, 28255.  BOA does business within the State of Illinois and its registered agent is CT Corporation at 208 South LaSalle Street, Suite 814, Chicago, Illinois, 60604.  Among other things, BOA is engaged in the business of issuing and servicing residential mortgage loans secured by real estate located within this judicial district.

5.      BOA issued a residential mortgage loan to some or all of the Borrowers for real estate located in Cook County, Illinois.  Based on the facts set forth below, the Borrowers assert that BOA's conduct violates the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 ("Regulation Z") and the Illinois Consumer Fraud & Deceptive Business Practices Act, 815 ILCS 505/1 et seq. ("CFA").  Borrowers therefore are entitled to rescind the residential mortgage loan, an injunction against any efforts by BOA to enforce the terms of the mortgage loan against Borrowers and further are entitled to statutory and common law damages against BOA, including Borrowers' reasonable attorney's fees and costs.

**JURISDICTION AND VENUE**

6.      This Court has original subject matter jurisdiction under 28 U.S.C. §§1331 and 1337 and 15 U.S.C. § 1601, et seq. ("TILA") and supplemental jurisdiction over the Borrowers' state law claims under 28 U.S.C. §1367.

7.      Venue is proper within this District pursuant to 28 U.S.C. § Defendant BOA transacts business in the District and is deemed to reside here.  In addition, the real estate that is

the subject of the disputed transaction is located within this District and a substantial number of the events at issue transpired within this District.

## FACTUAL BACKGROUND

8. On or about September 5, 2007, Borrowers obtained a mortgage loan from BOA secured by Teaia and Andre's home at a location commonly known as 15448 East End Street, Dolton, South Holland, Illinois, 60473[1], Property Identification Nos. 29-13-100-035-000 and 29-13-100-036-0000 and legally described as "LOTS 14 & 15 IN FOREST FARMS SIXTH ADDITION, BEING A SUBDIVISION OFTHE NORTH 9 ACRES OF THE WEST 213 OF THE WEST 112 OF THE NORTHWEST 114 OF SECTION 13, TOWNSHIP 36 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS" (hereinafter the "Property").

9. BOA designated the mortgage loan secured by the Property as Loan No. 6628548742 (hereinafter the "BOA Loan"). The Borrowers needed and used the BOA Loan proceeds for personal, family or household purposes, namely, refinancing prior debt secured by the Property.

10. Teaia and Andre originally sought to structure the debt on the Property by initiating a straightforward refinancing of their equity interest in the Property for which they were title holders of record through a "garden variety" land trust. Teaia and Andre provided BOA and its agents copies of the land trust agreement and title search documentation confirming their ownership of the Property.

11. For reasons still unknown to the Borrowers, BOA and its agents refused to acknowledge or accept the validity of the land trust documentation Teaia and Andre provided to

---

[1] Although the United States Postal Services uses South Holland, Illinois as the mail delivery address, geographically and demographically, the Property is situated in Dolton, Illinois.

them. Instead, BOA insisted that Teaia and Andre engage in a "straw man" transaction through which Teaia and Andre would "sell" the Property to a third person who would then sell it back to them to create the appearance of a "new purchase." Throughout the discussions leading to this series of transactions, Teaia and Andre continually requested BOA personnel and their agents to review the land trust agreement, title search and related documentation so that these complications could be avoided. BOA refused to do so.

12.     In order to accomplish these transactions as BOA directed them, Teaia and Andre incurred significant and unnecessary costs in an amount exceeding $7,000, including but not limited closing costs for two separate transactions, unreasonable appraisal and documentation fees and increased escrow and insurance costs. A true and correct copy of the HUD-1 Settlement Statement prepared and issued by BOA's agent in connection with the BOA Loan (the "HUD-1") is attached as Exhibit A to this Complaint and is incorporated by reference as if fully set forth herein.

13.     In addition, because BOA insisted on restructuring the transaction as a "new purchase" rather than a simple refinance, BOA required Andre and Teaia to enlist a co-signer on the BOA Loan, whereas Teaia alone previously had qualified for the existing mortgage on the Property. Velvet agreed to co-sign the BOA Loan and her income was used to qualify the Property for the BOA Loan. At the time, Velvet was working at least two jobs.

14.     Due to errors on the HUD-1 that BOA's agent prepared and presented to the Borrowers at the closing of the BOA Loan, a shortage of approximately $13,000 was discovered following this series of transactions. BOA assessed this shortage as a deficiency under the BOA Loan and demanded immediate repayment from the Borrowers.

15.     Despite the fact that the deficiency resulting from the failure of BOA's agent to prepare the HUD-1 accurately and in compliance with applicable federal regulations was no fault of the Borrowers, the Borrowers endeavored to pay down the deficiency to prevent any adverse action by BOA.  While doing so, the Borrowers on multiple occasions urged BOA to revisit its prior refusal to acknowledge the uncontroverted evidence Borrowers provided to BOA demonstrating that Teaia and Andre's ownership of the Property through the land trust obviated any need to have gone through multiple costly transactions.  BOA ignored these requests, even those transmitted directly from counsel the Borrowers retained to assist them in discussions with BOA.

16.     BOA has continued to pursue the Borrowers for the monthly mortgage payments and deficiency amount on the BOA Loan even in the face of the Borrowers having advised BOA in writing on multiple occasions that Velvet's income has decreased dramatically and that, in combination with BOA's errors, the Borrowers cannot keep up with the payments under the BOA Loan.  In addition, the appraised value of the Property collateralizing the BOA Loan has diminished so significantly in the 12 months since BOA issued the BOA Loan (i.e., from approximately $260,000 as reflected on the HUD-1 to a current market value of approximately $160,000) that the appraisal BOA commissioned and charged Borrowers for in connection with the BOA Loan appears to have been a sham.

## COUNT I – TILA VIOLATIONS

17.     Borrowers incorporate by reference the allegations of Paragraphs 8-16 of this Complaint, inclusive, as if fully set forth herein.

18.     The stated purpose of TILA is to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him." 15 U.S.C. § 1601(a).  To aid consumers in assessing the cost of obtaining credit, TILA requires lenders to furnish a written statement summarizing the loan transaction, including all related finance charges. 15 U.S.C. § 1605(a).   In credit transactions secured by real property, a finance charge is considered accurate only "[if] the amount disclosed as the finance charge . . . does not vary from the actual finance charge by more than an amount equal to one-half of one percent of the total amount of credit extended." 15 U.S.C. § 1605(f)(2)(A).   Regulation Z mirrors this language:  "the finance charge . . . shall be considered accurate for purposes of this section if the disclosed finance charge . . . is understated by no more than 1/2 of 1 percent of the face amount of the note or $100, whichever is greater." 12 C.F.R. § 226.23(g).

19.     Here, the principal amount of the new loan is identified as $256,378.  See Exhibit A, HUD-1 at Line 202.  Therefore, any finance charge BOA disclosed is accurate for purposes of TILA and Regulation Z if it is within 0.5% of $256,378, or $1282, of the actual finance charge incurred.

20.     The amounts BOA charged the Borrowers to engage in this duplicative series of transactions substantially exceed the permitted margin of error under § 1605(f) and 12 C.F.R. § 226.23(g) for a loan in the amount of $256,378.  First, BOA has admitted that the HUD-1 statement provided at the closing for the BOA Loan was inaccurate in that it led to a deficiency of approximately $13,000, which amount BOA demanded that Borrowers immediately pay. $13,000 is grossly in excess of the $1282 margin of error provided under TILA and Regulation Z.

21.     The HUD-1 BOA and its agents prepared reflecting the finance charges for the BOA Loan inaccurately described the Property as being situated in South Holland, Illinois rather than in Dolton, Illinois.  The Cook County Tax Assessor's property register for the Property clearly identifies the Property as being in Dolton.  A true and correct copy of the 2007 Board Certified Assessment for the Property is attached hereto as Exhibit B and is incorporated by reference.  The specific location of a property within one community as opposed to another is material to its value and, here, is a factor that significantly and adversely influences the Property's value compared to other nearby residences.  BOA's HUD-1, based on an appraisal that incorrectly described the Property as being in South Holland rather than Dolton, overstated the value of the Property and thus inaccurately identified the true cost to the Borrowers.

22.     Separately but equally important, the HUD-1 reflects that BOA required the Borrowers to make a cash down payment of $7,950.  See Exhibit A, HUD-1 at Line 201.  Because Teaia and Andre already owned the Property which BOA required them to sell and repurchase, this down payment amount was neither necessary nor reasonable.  Again, this amount substantially exceeds the $1282 margin of error TILA and Regulation Z permit.

23.     BOA's deficient and inaccurate disclosures on the HUD-1 and otherwise in connection with the transactions relating to the BOA Loan violate TILA and Regulation Z.

WHEREFORE, Borrowers respectfully request that this Court enter an order in Borrowers' favor and against BOA awarding Borrowers statutory and actual damages, their reasonable attorneys fees and costs and such other relief as the Court deems just and equitable under the circumstances.

## **COUNT II – VIOLATION OF ILLINOIS CONSUMER FRAUD ACT**

24. Borrowers incorporate by reference the allegations of Paragraphs 8-16 of this Complaint, inclusive, as if fully set forth herein.

25. The elements of a cause of action brought pursuant to the Illinois CFA are:

   (1) a deceptive act or practice by defendant;

   (2) an intent on the defendant's part that plaintiff rely on the deception, and

   (3) the deception occurred in the course of conduct involving trade or commerce.

26. BOA deceived the Borrowers into engaging in a series of transactions that consciously disregarded their existing ownership rights in the Property and resulted in BOA and its agents generating additional income through improper and unwarranted fees and expenses, all to Borrowers' detriment.

27. BOA intended for Borrowers to rely on its instructions to engage in the "straw man" transaction that was completely unnecessary in light of Teaia and Andre's existing ownership of the Property.

28. BOA's deception of the Borrowers occurred during the course of a commercial loan transaction.

29. BOA's deception of the Borrowers directly and proximately caused Borrowers to incur substantial losses through unnecessary fees and expenses.

WHEREFORE, Borrowers respectfully request that this Honorable Court enter an order granting judgment in their favor and against BOA for statutory and compensatory damages, their

reasonable attorneys fees and expenses and such other and further relief as the Court deems just and appropriate under the circumstances.

## **COUNT III – INJUNCTIVE RELIEF**

30. Borrowers incorporate by reference the allegations of Paragraphs 8-28 of this Complaint, inclusive, as if fully set forth herein.

31. BOA's conduct in issuing the BOA Loan based on materially inaccurate information and its continued efforts to enforce the BOA Loan against the Borrowers even after Borrowers and their counsel expressly made BOA aware of the inaccuracies threatens imminent and irreparable harm to the Borrowers. To the extent BOA seeks to foreclose against the Property, the Borrowers will have lost virtually all of their equity investment in the Property, which interests were secure immediately prior to BOA's unlawful conduct. In addition, if dispossessed of their principal residence, Teaia and Andre will have no adequate remedy at law, as money damages will not restore them to the *status quo ante*.

32. BOA will face no material hardship if it is enjoined from pursuing Borrowers in respect of amounts purportedly owed under the BOA Loan while this Court determines whether the BOA Loan is enforceable against Borrowers in the first instance. To the extent BOA faces any risk of loss to any of its interests, the Borrowers are prepared to furnish an appropriate injunction bond to secure BOA against any potential losses suffered while the injunction is pending.

33. The balance of the equities favors entry of an order enjoining BOA from enforcing the BOA Loan against Borrowers pending a determination of whether the Borrowers

are obligated to fulfill the terms of the BOA Loan in light of BOA's violation of TILA and the Illinois CFA.

    WHEREFORE, Borrowers respectfully request that this Court enter an order enjoining BOA from enforcing the BOA Loan against Borrowers until such time as the Court determines Borrowers' liability thereunder (if any) and grant Borrowers such other and further relief that the Court deems just and equitable under the circumstances.

                              PLAINTIFFS VELVET ALEXANDER,
                              TEAIA ALEXANDER JOHNSON &
                              ANDRE JOHNSON

By: *[signature: Matthew R. Wildermuth]*

                              Matthew R. Wildermuth

Matthew R. Wildermuth, Esq.
Atty No. IL 6202106
THE LAW OFFICES OF
 MATTHEW R. WILDERMUTH
33 N. LaSalle Street, Suite 1900
Chicago, Illinois  60602
312-425-2522 (direct)
312-264-0652 (facsimile)
matt.wildermuth@wildermuthlawoffices.com

08CV4948
JUDGE ANDERSEN
MAGISTRATE JUDGE NOLAN
EDA

# **EXHIBIT A**

Case 1:08-cv-04948   Document 1-2   Filed 08/29/2008   Page 1 of 4

OMB Approval No. 2502-0265

| A. Settlement Statement | B. Type of Loan |
|---|---|
| **First American Title Insurance Company** <br> **Final Statement** | 1-5. Loan Type FHA <br> 6. File Number 1698137 <br> 7. Loan Number 6628548742 <br> 8. Mortgage Insurance Case Number 137-369162-0-703 |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(POC)" were paid outside this closing; they are shown here for informational purposes and are not included in the totals.

D. Name of Borrower: Velvet D. Alexander; Teala M. Alexander-Johnson
15448 East End Street, South Holland, IL 60473

E. Name of Seller: Cassandra Evans

F. Name of Lender: Bank of America
9000 Southside Boulevard
Jacksonville, FL 32256

G. Property Location: 15448 East End Street South Holland, IL 60473

H. Settlement Agent: First American Title Insurance Company
Address: 915 West 175th Street, Suite 1 SW, Homewood, IL 60430

Place of Settlement Address: 915 West 175th Street, Suite 1 SW, Homewood, IL 60430

I. Settlement Date: 09/05/2007
Print Date: 09/05/2007, 3:55 PM
Disbursement Date: 09/05/2007

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| 100. Gross Amount Due From Borrower | | 400. Gross Amount Due To Seller | |
| 101. Contract Sales Price | 260,000.00 | 401. Contract Sales Price | 260,000.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement charges to borrower (line 1400) | 18,941.32 | 403. Total Deposits | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes | | 406. City/town taxes | |
| 107. County taxes | | 407. County taxes | |
| 108. Assessments | | 408. Assessments | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 113. | | 413. | |
| 114. | | 414. | |
| 115. | | 415. | |
| 120. Gross Amount Due From Borrower | 278,941.32 | 420. Gross Amount Due To Seller | 260,000.00 |
| 200. Amounts Paid By Or In Behalf of Borrower | | 500. Reductions In Amount Due to Seller | |
| 201. Deposit or earnest money | 7,950.00 | 501. Excess deposit (see instructions) | 7,950.00 |
| 202. Principal amount of new loan(s) | 256,378.00 | 502. Settlement charges (line 1400) | 8,823.00 |
| 203. Existing loan(s) taken subject | | 503. Existing loan(s) taken subject | |
| 204. Lender Premium Pricing Credit from Bank of America | 2,607.36 | 504. Payoff of first mortgage loan - Litton Home Loans | 183,057.07 |
| 205. | | 505. Payoff of second mortgage loan - Park National Bank | 31,412.82 |
| 206. | | 506. Disbursed as Proceeds ($0.00) | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes | | 510. City/town taxes | |
| 211. County taxes 07/01/06 to 12/31/06 @$4655.92/yr | 5,121.51 | 511. County taxes 07/01/06 to 12/31/06 @$4655.92/yr | 5,121.51 |
| 212. Assessments | | 512. Assessments | |
| 213. County Tax 01/01/07 to 09/04/07 @$0.00/yr | 6,616.51 | 513. County Tax 01/01/07 to 09/04/07 @$0.00/yr | 6,616.51 |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. Total Paid By/For Borrower | 278,673.38 | 520. Total Reduction Amount Due Seller | 242,980.91 |
| 300. Cash At Settlement From/To Borrower | | 600. Cash At Settlement To/From Seller | |
| 301. Gross amount due from Borrower (line 120) | 278,941.32 | 601. Gross amount due to Seller (line 420) | 260,000.00 |
| 302. Less amounts paid by/for Borrower (line 220) | 278,673.38 | 602. Less reductions in amounts due to Seller (line 520) | 242,980.91 |
| 303. Cash (X From) ( To) Borrower | 267.94 | 603. Cash (X To) ( From) Seller | 17,019.09 |

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.
Settlement Agent: _____                                Date: _____

* See Supplemental Page for details.

File No. 1698137

| L. Settlement Charges | | |
|---|---|---|
| 700. Total Sales/Broker's Commission based on price $260,000.00 @ 0.0000% = $0.00 | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
| Division of Commission (line 700) as follows | | |
| 701. | | |
| 702. | | |
| 703. Commission paid at Settlement | | |
| 704. | | |
| **800. Items Payable in Connection with Loan** | | |
| 801. Loan Origination Fee - Bank of America | | 2,525.90 |
| 802. Loan Discount | | |
| 803. Appraisal Fee - J.A. Boris & Associates Inc.    POC-B $425.00 | | |
| 804. Credit Report - CBC    POC-L $0.80 | | |
| 805. Lender's Inspection Fee | | |
| 806. Mortgage Insurance Application Premium | | |
| 807. Assumption Fee | | |
| 808. Tax Service Fee - Homefocus Tax Services, LLC | | 75.00 |
| 809. Flood Determination Fee - Homefocus Services, LLC | 11.00 | |
| 810. Commitment Fee - Bank of America | 350.00 | |
| 811. | | |
| 812. | | |
| 813. | | |
| 814. | | |
| Supplemental Summary | | |
| **900. Items Required by Lender to be Paid in Advance** | | |
| 901. Interest 09/05/07 to 10/01/07 @$49.170000/day - Bank of America | 1,278.42 | |
| 902. Mortgage Insurance Premium - Dpt of Hud | 3,788.85 | |
| 903. Hazard Insurance Premium for 1 year(s) to American Family Mutual Insurance | 270.56 | |
| 904. | | |
| 905. | | |
| Supplemental Summary | | |
| **1000. Reserves Deposited with Lender** | | |
| 1001. Hazard Insurance 11 mo(s) @$110.09/mo | 1,210.99 | |
| 1002. Mortgage Insurance | | |
| 1003. City Property Taxes | | |
| 1004. County Property Taxes 4 mo(s) @$775.99/mo | 1,529.86 | 1,574.10 |
| 1005. Annual assessments | | |
| 1006. | | |
| 1007. | | |
| 1008. Aggregate Accounting Adjustment | -110.20 | |
| **1100. Title Charges** | | |
| 1101. Settlement or closing fee - First American Title Insurance Company | 625.00 | |
| 1102. Abstract or title search | | |
| 1103. Title examination | | |
| 1104. Title Insurance Binder | | |
| 1105. Document Fee | | |
| 1106. Notary Fee | | |
| 1107. Attorney Fee to Elliot L. Powell | | 2,500.00 |
| (includes above item numbers: ) | | |
| 1108. Title Insurance – See supplemental page for breakdown of individual fees and payees | | 1,445.00 |
| (includes above item numbers: ) | | |
| 1109. *Lender's coverage $255,378.00 Premium: $300.00 | | |
| 1110. Owner's coverage $260,000.00 Premium: $1,145.00 | | |
| 1111. Agent Compensation as part of total premium to Elliott L. Powell    POC $992.00 | | |
| 1112. Environmental Protection Lien - First American Title Insurance Company | | 125.00 |
| 1113. Chain of Title Endorsement - First American Title Insurance Company | 75.00 | |
| 1114. wire fee - First American Title Insurance Company | | 25.00 |
| 1115. Loc Endorsement - First American Title Insurance Company | 125.00 | |
| 1116. | | |
| 1117. | | |
| **1200. Government Recording and Transfer Charges** | | |
| 1201. *Recording fees: Deed $56.00 Mortgage $52.00 Release $0.00 | 80.00 | 28.00 |
| 1202. *City/county tax/stamps: Deed $130.00 Mortgage $0.00 | | 130.00 |
| 1203. *State tax/stamps: Deed $260.00 Mortgage $0.00 | | 260.00 |
| 1204. State of IL Loan Policy Fee | 3.00 | |
| 1205. State of IL Owner's Policy Fee | | 3.00 |
| 1206. Supplemental Summary | 92.00 | 82.00 |
| **1300. Additional Settlement Charges** | | |
| 1301. Survey to | | |
| 1302. Pest Inspection to | | |
| 1303. Funds Held: TI Held for 2nd Installment 2006 Taxes PIN: 29-13-100-035-0000 | 3,614.76 | |
| 1304. Funds Held: TI Held for 2nd Installment 2006 Taxes PIN: 29-13-100-036-0000 | 5,697.08 | |
| 1305. Delivery/Service Charge - First American Title Insurance Company | 25.00 | 50.00 |
| 1306. Title Indemnity Service FEE - First American Title Insurance Company | 250.00 | |
| 1307. Electronic Delivery Fee - First American Title Insurance Company | 25.00 | |
| 1308. | | |
| 1309. | | |
| 1310. | | |
| 1311. | | |
| 1312. | | |
| 1313. | | |
| 1314. | | |
| Supplemental Summary | | |
| **1400. Total Settlement Charges** (enter on lines 103, Section J and 502, Section K) | 18,941.32 | 8,823.00 |

\* See Supplemental Page for details.

Supplemental Page
HUD-1 Settlement Statement

File No. 1698137

# First American Title Insurance Company
## Final Statement

Loan No. 6628548742

Settlement Date: 09/05/2007

Borrower Name & Address: Velvet D. Alexander; Teaia M. Alexander-Johnson
15448 East End Street, South Holland, IL 60473

Seller Name & Address: Cassandra Evans

| Section L. Settlement Charges continued | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|
| 1108. Supplemental Summary | 1,445.00 | | |
| a) Loan Policy - First American Title Insurance Company | | | 300.00 |
| b) Owner's Policy - First American Title Insurance Company | | | 1,145.00 |
| 1201. Supplemental Summary | 108.00 | | |
| a) Deed - First American Title Insurance Company | | 28.00 | 28.00 |
| b) Mortgage - First American Title Insurance Company | | 52.00 | |
| 1202. Supplemental Summary | 130.00 | | |
| a) County Transfer Tax - First American Title Insurance Company | | | 130.00 |
| 1203. Supplemental Summary | 260.00 | | |
| a) State Transfer Tax - First American Title Insurance Company | | | 260.00 |
| 1206. Supplemental Summary | 174.00 | | |
| 1207) poa - First American Title Insurance Company | | 52.00 | |
| 1208) Rental Housing Support Program Act - First American Title Insurance Company | | 40.00 | 30.00 |
| 1209) Certificate of Release Recording Fee - First American Title Insurance Company | | | 52.00 |

| The following Section is restated from the Settlement Statement Page 1 | | | |
|---|---|---|---|
| 300. Cash At Settlement From/To Borrower | | 600. Cash At Settlement To/From Seller | |
| 301. Gross amount due from Borrower (line 120) | 278,941.32 | 601. Gross Amount due to Seller (line 420) | 260,000.00 |
| 302. Less amounts paid by/for Borrower (line 220) | 278,673.38 | 601. Less reductions in amounts due to Seller (line 520) | 242,980.91 |
| 303. Cash (X From) ( To) Borrower | 267.94 | 603. Cash (X To) ( From) Seller | 17,019.09 |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and distributions made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

BUYER(S): _Elissa Hovey as attorney in fact for Velvet D. Alexander_
Velvet D. Alexander

_Elissa Hovey as attorney in fact for Teaia M. Alexander-Johnson_
Teaia M. Alexander-Johnson

SELLER(S): _Cordue Ellen per poa Atty in fact_
Cassandra Evans

First American Title Insurance Company
By _____
Christine Walsh

# **EXHIBIT B**

H-1



# COOK COUNTY ASSESSOR'S OFFICE
## JAMES M. HOULIHAN ASSESSOR



| About Us | Appeals | Exemptions | Forms | In General | Online Tools | In The News | Home |

## PROPERTY SEARCH DETAILS

**Property Index Number:** 29-13-100-036-0000   036
**Address :** 15448 East End Ave
**City :** Dolton
**Township :** Thornton
**Neighborhood :** 33
**Taxcode :** 37039

### Assessed Valuation

|  | 2007<br>Board Certified Assessment |
|---|---|
| Land Assessed Value | 7,210 |
| Building Assessed Value | 7,289 |
| Total Assessed Value | 14,499 |
| Estimated Market Value | 90,619 |

### Property Characteristics

| | |
|---|---|
| Class: | 2-03 |
| Description : | One Story Residence, Any Age, 1,000 to 1,800 Sq. Ft. |
| Residence Type | One Story |
| Use | Single Family |
| Apartments | None |
| Exterior Construction | Masonry |
| Full Baths | 1 |
| Half Baths | 1 |
| Basement[1] | Full and Unfinished |
| Attic | None |
| Central Air | Yes |
| Number of Fireplaces | 0 |
| Garage Size/Type[2] | 2.5 car detached |
| Building Square Footage: | 1,600 |
| Land Square Footage | 20,030 |
| Assessment Pass | Board Certified |
| Age: | 36 |
| Land Square Footage: | 20,030 |

[1] Excluded from Building Square footage, except apartment
[2] Excluded from Building Square footage

### 2008 Assessment Appeal Information

No records returned.

**Other Information:**

Return to Search Results    New Search

Cook County Assessor's Office (Main) County Building, Third Floor
118 North Clark Street, Chicago, IL 60602 (312) 443-7550
© 2003- 2008 Cook County Assessor's Office – All rights reserved Disclaimer.

Comments, Questions or Suggestions : Contact Us




H-2

# COOK COUNTY ASSESSOR'S OFFICE
## JAMES M. HOULIHAN ASSESSOR



[ About Us ] [ Appeals ] [ Exemptions ] [ Forms ] [ In General ] [ Online Tools ] [ In The News ] [ Home ]

## PROPERTY SEARCH DETAILS

**Property Index Number:** 29-13-100-035-0000    *035*
**Address:** 1640 155th St
**City:** Dolton
**Township:** Thornton
**Neighborhood:** 33
**Taxcode:** 37039

### Assessed Valuation

|  | 2007<br>Board Certified Assessment |
|---|---|
| Land Assessed Value | 7,210 |
| Building Assessed Value | 0 |
| Total Assessed Value | 7,210 |

### Property Characteristics

**Class:** 2-41
**Description:** Vacant land under common ownership with adjacent residence
**Land Square Footage:** 20,030

### 2008 Assessment Appeal Information

No records returned.

**Other Information:**

Return to Search Results      New Search

Cook County Assessor's Office (Main) County Building, Third Floor
118 North Clark Street, Chicago, IL 60602 (312) 443-7550
© 2003- 2008 Cook County Assessor's Office – All rights reserved Disclaimer.

Comments, Questions or Suggestions : Contact Us