# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VELVET D. ALEXANDER, TEAIA ALEXANDER JOHNSON and ANDRE JOHNSON, | )<br>)<br>) |
| Plaintiffs, | ) No. 08 C 4948 |
| v. | ) Wayne R. Andersen<br>) District Judge |
| BANK OF AMERICA, | ) |
| Defendant. | ) |

## MEMORANDUM, OPINION AND ORDER

This matter is before the court on defendant Bank of America's motion to dismiss. For the reasons set forth below, the motion to dismiss [20] is granted, and the amended complaint is dismissed with prejudice.

## BACKGROUND

Plaintiffs Velvet D. Alexander ("Velvet"), Teaia Alexander Johnson ("Teaia") and Andre Johnson ("Andre") (collectively, "plaintiffs") filed a three-count amended complaint against Bank of America (hereinafter, "BOA" or the "Bank"). Count I alleges a violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et. seq.*, and Federal Reserve Board Regulation Z ("Regulation Z"), 12 C.F.R. § 226. Count II alleges a violation of the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. § 2601, and IIUD Regulation X, 24 C.F.R. § 3500. Count III alleges a state law claim of negligence.

In June 2007, Teaia and Andre Johnson allege that they attempted to refinance the mortgage on their property. They allege that they were the sole beneficiaries of the land trust holding title to the property at issue. Plaintiffs claim that BOA would not refinance the mortgage with the property in a land trust. In order to obtain the refinancing, Teaia and Andre allege that the Bank required them to convey the property out of the land trust agreement, and as a result, they incurred costs exceeding $7,000.00 because they went through two separate closings, including duplicative appraisals and documentation fees and increased escrow and insurance costs.

Teaia and Andrea also allege that the Bank insisted on restructuring the transaction as a new purchase rather than a refinance, and as a result they were required to enlist a co-signer on the loan, defendant Velvet Alexander. Teaia and Andre claim that they paid additional charges for the Bank to obtain credit reports on Velvet and for other documentation. In addition, plaintiffs claim that because Velvet did not live at the property with Teaia and Andre, they did not qualify for a more favorable FHA owner-occupied mortgage, and as a result, their homeowners' insurer raised their policy premium.

Plaintiffs allege that, during the period shortly after the loan closed in September 2007, they communicated with BOA in writing and by telephone on October 23, 25 and 30, 2007 and June 18 and July 9, 2008, requesting that the Bank recognize the validity of the land trust agreement and unwind the prior transaction to recognize Teaia and Andre as the sole owners of the property. Plaintiffs allege that BOA neither responded substantively to their direct or written communications nor complied with their requests.

In or about February 2008, Teaia alleges that she attempted to remove Velvet as a title holder in the property because Velvet was having difficulty obtaining a residence of her own

2

because she was on the title to Teaia's property. Teaia alleges that she secured a new mortgage loan through Countrywide Financial Services ("Countrywide"). Plaintiffs claim that during the closing on the Countrywide loan, the agent of either Countrywide or BOA (or both) made one or more errors that understated the funds necessary to pay off the BOA loan and that BOA was not paid in full. Plaintiffs contend that neither BOA nor Countrywide advised them of the error until several months after the February 2008 closing. Plaintiffs allege that they did not know about the $13,000.00 deficiency until they began receiving delinquency notices on the loan in or about May 2008. BOA has moved to dismiss plaintiffs' amended complaint.

## DISCUSSION

A pleading generally need only contain a short and plain statement of the claim showing that the pleader is entitled to relief that is plausible on its face, sufficient to provide defendant with "fair notice." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (U.S. 2007). In ruling on a motion to dismiss, the court must assume the truth of the facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

**I.      Andre Does Not Have Standing to Bring a Claim Pursuant to TILA or RESPA**

BOA argues that all of the claims asserted by Andre should be dismissed with prejudice because the BOA loan was made to Teaia and Velvet, not Andre. Plaintiffs do not offer any argument in support of the purported standing of Andre and do not dispute that Andre was not a borrower on the loan. Because Andre Johnson was not a borrower, he has no standing to assert any claims under TILA, RESPA or otherwise. Therefore, BOA's motion to dismiss Andre Johnson is granted.

## II. Plaintiffs Did Not Plead a Violation of TILA

In Count I of their complaint, plaintiffs allege that BOA's actions violated TILA. The purpose of TILA is to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). Plaintiffs allege that TILA was violated because the subject property was described as being in South Holland rather than in Dolton, Illinois and because the $7950 down payment was, according to plaintiffs, "neither necessary nor reasonable."Am. Compl. at ¶ 27-28.

However, none of these disclosures are required TILA, and plaintiffs' allegations do not demonstrate that BOA's actions violated TILA's requirements. The allegations in the amended complaint do not allege any conduct that violates TILA, and therefore, Count I should be dismissed.

## III. Plaintiffs' Communications with BOA Are Not Qualified Written Requests Under RESPA

In Count II of their complaint, plaintiffs allege that BOA violated RESPA by failing to respond to plaintiffs' communications. RESPA sets forth specific obligations of a lender in connection with its receipt of correspondence from a borrower regarding a loan. 12 U.S.C. § 2605(e). Section 2605(e) specifically creates a duty of a loan servicer to respond to borrower inquiries. 12 U.S.C. § 2605(e). Section 2605(e)(1)(A) states as follows:

> (A) In general. If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.

Section 2605(e)(1)(B) also defines what constitutes a qualified written request:

> (B) Qualified Written Request. For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that—
>
> > (I) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
> >
> > (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

Count II fails because plaintiffs' requests were not for information relating to the servicing of the loan as required under RESPA. As already noted, Section 2605(e)(1)(A) defines a qualified written request as a request made by a borrower to a lender for "information relating to the servicing of such loan." 12 U.S.C. § 2605(e)(1)(A). The communications sent by Teaia and Andre to BOA were not requests for information concerning payments or information relating to the servicing of such loans. Rather, the communications consisted of requests that BOA unwind the prior transaction to recognize Teaia and Andre as the sole owners of the property so that they would qualified for an FHA owner-occupied mortgage. This is a not a request for information or communication covered by RESPA. Therefore, Count II of plaintiffs' complaint is dismissed.

## IV. BOA Did Not Owe Any Duty of Care to Plaintiffs

Count III alleges that BOA owed plaintiffs a "duty to exercise reasonable care to Borrowers in the assessment of the Land Trust Agreement and in their determination as to whether Teaia and Andre were in title to the Property." Am. Compl. at ¶ 37. It is well settled that "Illinois does not, and would not recognize a general duty of care owed by lenders to borrowers...." *LaSalle Bak v. Paramount Properties*, 588 F. Supp. 2d 840, 853 (N.D. Ill. 2008). During the negotiation of a loan contract, a bank has no obligation to negotiate with plaintiffs solely on the terms which they proposed. *First National Bank of Chicago v. Atlantic Tele-Network Co.*, 946 F.2d 516, 520 (7th Cir. 1991) (during the negotiation stage, there is "no duty to bargain in good faith over the terms of the contract"); *Digital Equipment Corp. V. UNIQ Digital Technologies*, 1995 WL 12297, at *4 (N.D. Ill. 1995) (holding that "parties owe one another no duty to negotiate in good faith before a contract is executed"). Specifically, in this case, BOA was not required to accept Andre as a borrower or the land trustees as the title holder.

Apparently plaintiffs do not like the conditions under which BOA required to make the loan, so plaintiffs should have taken their business to another lender. BOA had no duty to loan to plaintiffs, nor a duty to loan to plaintiffs under conditions preferred by plaintiffs. Therefore, Count III is dismissed as a matter of law because BOA did not owe plaintiffs any duty of care.

## CONCLUSION

For all of the reasons set forth in the court's Memorandum, Opinion and Order, defendant Bank of America's motion to dismiss [20] is granted, and plaintiffs' amended complaint is dismissed with prejudice.  This is a final and appealable order.

```
                          _____
                                Wayne R. Andersen
                             United States District Judge
```

Dated:  __January 15, 2010_____